SUMMARY ORDER

Petitioner Daouda Fall, a native and citizen of the Republic of Congo, seeks review of an October 8, 2008 order of the BIA affirming the September 27, 2006 decision of Immigration Judge (“IJ”) Vivienne Gordon-Uruakpa, denying his application for asylum, -withholding of removal, and relief *654 under the Convention Against Torture (“CAT”). In re Daouda Fall, No. A098 158 913 (B.I.A. Oct. 8, 2008), aff'g No. A098 158 913 (Immig. Ct. N.Y. City Sept. 27, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
. The agency’s adverse credibility determination was supported by substantial evidence. In her decision, the IJ found that Fall’s testimony was inconsistent with his asylum application. Fall’s argument that he explained away the discrepancy is unpersuasive. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
While Fall testified that after his father was killed in a militia raid, he was detained by the militia, held for eight hours, and beaten during detention, he made no mention of that alleged detention or beating in his asylum application. Petitioners are not required to list every single incident of persecution they allegedly endured on their asylum applications, see Pavlova v. I.N.S., 441 F.3d 82, 90 (2d Cir.2006), but Fall attached a statement to his application, so he was not confined to the limited space provided on the application form, see Secaida-Rosales v. I.N.S., 331 F.3d 297, 308 (2d Cir.2003), overruled on other grounds by Xiu Xia Lin v. Mukasey, 534 F.3d 162 (2d Cir.2008). Moreover, as the IJ noted in her decision, the statement attached to Fall’s asylum application “provided great detail regarding the history of politics in the Republic of Congo,” as well as a detailed account of the killing of his brother and father, so it was not unreasonable to expect that if he had been mistreated at the hands of Cobra militias, he would have included that information in his detailed statement. See Secaida-Rosales, 331 F.3d at 308. The IJ also took judicial notice of the fact that Fall’s asylum application had been prepared by a law firm that was “very experienced in asylum law,” and noted that neither Fall nor his attorney indicated that they wanted to make any changes to the asylum application at the beginning of Fall’s hearing. Cf. Zhi Wei Pang v. BCIS, 448 F.3d 102, 108 (2d Cir.2006). Accordingly, substantial evidence supports the IJ’s finding that Fall’s omission was material and undermined his credibility.
Because the only evidence of a threat to Fall’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief where all three claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED.